### J. M. WILSON V. STATE

No. 31,487. February 10, 1960

*J. H. Milton,* Hemphill, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for assault with intent to murder; the punishment, twelve years.

The testimony of the state shows that the injured party, Elaine Franklin, age 17, her younger brother and sister, ages 10 and 13 respectively, lived with their mother and stepfather, who had been married about eighteen months.

About 6:00 p.m., when Elaine was dressing to go to a school banquet, the appellant was complaining and arguing with her mother about Elaine getting a rug and the floor wet while bathing and also about her staying out late at night. Elaine went from the dining room into the kitchen where her mother and step-father were and told him that if he had to fuss to do so with her and not her mother and returned to the dining room; then appellant pulled a .22 pistol from his pocket and started shooting; Elaine's mother shut the door but one shot went through the door and hit Elaine's finger and she fainted; then the appellant shot Elaine's sister through the leg, and in the head rendering her unconscious.

Elaine regained consciousness and ran into a field with the appellant running after her; then she fell and he shot her in the chest with the .22 pistol and then he returned to the house and threatened to kill his wife. When he entered the house Elaine went to a neighbor who was a Texas Highway Patrolman, and he immediately went to the Wilson house and found appellant lying in the yard with one gun shot wound in the left chest, and a .22 pistol on the ground nearby.

Sheriff Smith testified that he talked with the appellant at the scene, and the appellant told him that he shot himself because he did not plan to kill the little girl and after he shot her he decided to kill himself, but that he "meant" to shoot Elaine.

The testimony of the state concerning the condition of the door after the shooting shows that the bullet that went through the door was shot from the kitchen into the dining room.

Elaine while testifying denied throwing anything toward appellant or exhibiting a pistol and threatening to shoot him with it and that she did not have a gun. This testimony was corroborated by Elaine's mother, brother, and sister.

Appellant testifying in his own behalf stated that Elaine had stayed out late many times and that he had talked to her mother and her older brother about it and they had talked with Elaine; that at the time in question he told her not to stay out late that night and she said she was getting tired of him telling her what to do, that she threw a bottle at him and then took a .22 pistol out of her "bosom", and when he closed the door she shot through it; that as she advanced toward him he told her he didn't want to hurt her and she said: "I am going to shoot you between the damn eyes"; that he thought she "meant business", and tried to get out the window, but she hemmed him up in the dining room and he shot her finger, trying to shoot the gun out of her hand, that that didn't stop her and when he saw the hammer coming back he shot her "I think in the shoulder", and he would not have shot her if she had not been trying to shoot him.

The evidence sustains the conviction.

Appellant objected to the court's statement of the law of self defense in the charge on the ground that it limited his right of self defense in failing to instruct the jury that he " * * * may also even advance upon his assailant, and that his rights of defense so existed even though the assault upon him was not such as to put him in fear of losing his life or suffering serious bodily injury."

Appellant further complains of the refusal of his special requested charge on the law of self defense.

An examination of the main charge as given shows that it is the same as the requested charge except that it does not include the instruction as quoted above in the objection to the main charge.

Appellant's testimony shows that when Elaine produced and shot the pistol he was not advancing toward her; and the evidence fails to raise the issue of a lesser attack at such time, that is, an attack not putting him in fear of serious bodily injury or death. Therefore the refusal to instruct the jury as requested was not error.

The charge submitted the law of self defense as applicable to both real and apparent danger as viewed by the appellant. It also submitted the offense of aggravated assault.

Finding no reversible error the judgment is affirmed.

Opinion approved by the Court.